IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SANDRO RUIZ** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No. 4:22-cv-00793 |
| | § | JURY DEMANDED |
| **GURPREET BHAMBRA and** | § | |
| **SIMRUT TRUCKING INC.** | § | |
| Defendants. | § | |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants GURPREET BHAMBRA and SIMRUT TRUCKING INC. (collectively, "Defendants"), and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of removal of this case from the 48th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division. In support thereof, Defendants would show the Court as follows:

## I.
## BACKGROUND

1. This is a personal injury case stemming from a motor vehicle accident that occurred on or about March 11, 2022 in Tarrant County, Texas.

2. On July 29, 2022, Plaintiff Sandro Ruiz (hereafter "Plaintiff") filed a civil action against Defendants in the 48th Judicial District Court of Tarrant County, Texas; Cause No. 048-335072-22. Citation for Simrut Trucking Inc. was issued on August 1, 2022. Plaintiff did not request a citation for Gurpreet Bhambra.

3. Simrut Trucking Inc. was served via process server on August 9, 2022. This was the first time this Defendant received a copy of Plaintiff's Original Petition.

4. Gurpreet Bhambra was never served. He never received a copy of Plaintiff's Original Petition. Despite the undersigned's diligent efforts, he has been unable to make contact with Mr. Bhambra as of the date of this filing. The undersigned is filing this Notice to ensure he complies with all possible removal deadlines.

5. On September 7, 2022, both Defendants filed an Answer in state court, including Gurpreet Bhambra who never received formal service of process.

## II.
## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1446(a) because this Court occupies the district and division in which Plaintiff's lawsuit was filed.

## III.
## BASIS FOR REMOVAL

7. Removal to this Court is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the alleged amount in controversy exceeds $75,000.00.

8. Diversity jurisdiction exists because:

   a. At the time the case was filed and at the time of removal, Plaintiff was a resident of Texas.

   b. At the time the case was filed and at the time of removal, Defendant Gurpreet Bhambra was a resident of, and domiciled in, Canada.

   c. At the time the case filed and at the time of removal, Defendant Simrut Trucking Inc. was a foreign corporation. Their principal office is located in Canada. They do not maintain a principal office in Texas.

9. Plaintiff's Original Petition states he is seeking "monetary relief over $250,000.00." Because this amount exceeds $75,000.00, this Court has original jurisdiction.

10. However, Plaintiff's Original Petition also states that "the amount in controversy in this matter does not exceed $75,000.00." Plaintiff alleges to have suffered "extensive and permanent injuries." He is seeking damages for past and future medical expenses, past and future pain and suffering, past and future mental anguish, past and future physical impairment, past and future disfigurement, lost wages, loss of earning capacity, and punitive damages. By a preponderance of evidence, Plaintiff's alleged damages are in excess of $75,000.00. Therefore, this Court has original jurisdiction.

11. This Notice of Removal was filed within thirty (30) days after Simrut Trucking Inc. received a copy of Plaintiff's Original Petition, i.e., the initial pleading setting forth the claim for relief upon which such action or proceeding is based. It is therefore timely pursuant to 28 U.S.C. § 1446(b)(1). Gurpreet Bhambra consents and/or joins in the removal.

## IV.
## JURY DEMAND

12. Both Plaintiff and Defendants filed jury demands in the state court action.

## V.
## DOCUMENTS FILED WITH THIS NOTICE

13. Pursuant to the Northern District of Texas Local Rule 81.1, Defendants file the following documents with the Court:

| | |
|---|---|
| Exhibit A | An index of all documents filed with this notice (pursuant to Local Rule 81.1(a)(4)(A)); |
| Exhibit B | The docket sheet in the state court case (pursuant to Local Rule 81.1(a)(4)(B)); |
| Exhibit C | Plaintiff's Original Petition filed in state court on July 29, 2022 (pursuant to Local Rule 81.1(a)(4)(C)); |
| Exhibit D | Proof of service filed in state court on August 19, 2022 (pursuant to Local Rule 81.1(a)(4)(C)); |

Exhibit E    Defendants' Original Answer filed in state court on September 7, 2022 (pursuant to Local Rule 81.1(a)(4)(C));

Exhibit F    Defendants' Jury Demand filed in state court on September 7, 2022 (pursuant to Local Rule 81.1(a)(4)(C));

Exhibit G    A copy of the Notice of Removal to Federal Court to be filed with the state court on September 7, 2022; and

Exhibit H    A Certificate of Interested Parties (pursuant to Local Rule 81.1(a)(4)(D)).

## VI.
## CONCLUSION

BASED ON THE FOREGOING, Defendants GURPREET BHAMBRA and SIMRUT TRUCKING INC. hereby remove this case from the 48th Judicial District Court of Tarrant County, Texas to this Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

    */s/John A. Ramirez*
John A. Ramirez
TBN: 00798450; Federal ID No.: 21280
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
Email: jramirez.atty@bushramirez.com

**ATTORNEY FOR DEFENDANTS,
GURPREET BHAMBRA and
SIMRUT TRUCKING INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel by facsimile and/or electronic service on this __7th__ day of September, 2022.

Kiernan McAlpine
Daspit Law Firm
440 Louisiana St., Suite 1400
Houston, Texas 77002
*Via E-Filing & Email:* e-service@daspitlaw.com

                */s/John A. Ramirez*
                John A. Ramirez