# EXHIBIT C

FILED
TARRANT COUNTY
7/29/2022 3:12 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-335072-22

| | | |
|---|---|---|
| SANDRO RUIZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| GURPREET BHAMBRA AND | § | |
| SIMRUT TRUCKING INC. | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Sandro Ruiz, (hereinafter, "Plaintiff"), complains of Defendants, Gurpreet Bhambra and Simrut Trucking Inc., (hereinafter called "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction, and the venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4.     Plaintiff, Sandro Ruiz, is an individual residing in Johnson County, Texas.

5.     Defendant, Gurpreet Bhambra (Hereinafter, "Defendant Bhambra") is an individual whose residence is unknown but, upon information and belief, it is known to Defendant Simrut Trucking. He will be served with process once his whereabouts are discovered.

6.     Defendant, Simrut Trucking Inc. (Hereinafter, "Defendant Simrut Trucking") is a Canadian company engaged in business in the State of Texas. Defendant Simrut Trucking may be served with process through its registered agent, Registered Agent Solutions, Inc., at 499 Wettlaufer Terrace Street, Milton, Ontario, L9T 8K9, Canada or wherever found.

## Facts

7.     This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about March 11, 2022. At that time, Plaintiff was exiting US Highway 287 near Home Depot Road. Defendant Bhambra was traveling on US 287 Frontage Road. Defendant Bhambra failed to yield right of way and collided with the right side of Plaintiff's vehicle. Defendant Bhambra was driving a truck owned by Defendant Simrut Trucking. As a result of Defendant's negligence and/or negligence *per se*, Plaintiff suffered extensive and permanent injuries.

8.     Defendants' aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

   a)     Failed to yield right-of-way;

   b)     Failing to control the vehicle's speed;

   c)     Failed to timely apply his brakes

   d)     Failing to operate the vehicle safely;

   e)     Failing to turn the vehicle in an effort to avoid a collision;

   f)     Failing to maintain a proper lookout in order to avoid a collision;

    g)     Failing to maintain a safe distance;

    h)     Failing to make a proper lane change;

    i)     Violating applicable, local, state, and federal laws and/or regulations; and

    j)     Other acts so deemed negligent.

9. Defendant Bhambra was driving a vehicle owned by Defendant Simrut Trucking. At all times material hereto, Defendant Bhambra, was operating the vehicle in the course and scope of his employment with Defendant Simrut Trucking. As such, Defendant Simrut Trucking, is vicariously liable for Defendant Bhambra's negligent acts and omissions under the doctrine of *respondent superior*. Plaintiff further plead Defendant Simrut Trucking was negligent and/or negligent *per se* for one or more of the following reasons:

    a.     Negligently entrusted a motor vehicle to an incompetent driver;

    b.     Negligently hired and/or retain employees;

    c.     Negligently trained and/or supervised employees;

    d.     Failed to maintain the vehicle in a reasonably safe condition;

    e.     Violated applicable, local, state, and federal laws and/or regulations;

    f.     Other acts so deemed negligent.

10. As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

## Damages

11. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

    b. Past and future pain, suffering and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement;

    e. Past lost wages and future loss of earning capacity.

12. By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre-and post-judgment interest.

## Jury Demand

13. Plaintiff hereby demands a jury trial.

## Duty to Disclose

14. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

15. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

16. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer and that upon final hearing, Plaintiff has a judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment

interests, all costs of Court, exemplary damages, and all such other and further relief, to which she may be justly entitled.

                    Respectfully submitted,

                    **DASPIT LAW FIRM**

                    */s/ Kiernan McAlpine*
                    **Kiernan McAlpine**
                    Texas State Bar No. 24058519
                    440 Louisiana St., Suite 1400
                    Houston, Texas 77002
                    Telephone:(713) 322-4878
                    Facsimile:(713) 587-9086
                    Email: e-service@daspitlaw.com

                    **ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexandria Pacioni on behalf of John Daspit
Bar No. 24048906
alexandria@daspitlaw.com
Envelope ID: 66813129
Status as of 7/29/2022 3:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alma Lira | | Alira@proactivelegal.com | 7/29/2022 3:12:37 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 7/29/2022 3:12:37 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 7/29/2022 3:12:37 PM | SENT |
| Zorica Milivojevic | | Zorica@daspitlaw.com | 7/29/2022 3:12:37 PM | SENT |
| Kiernan McAlpine | | kier@daspitlaw.com | 7/29/2022 3:12:37 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 7/29/2022 3:12:37 PM | SENT |